UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PDT ORIGINAL DESIGNS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HANGEMRIGHT.COM, LLC, <br><br> Defendant. | Case No. 4:17-cv-00315-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is HANGEMRIGHT.COM, LLC's ("Hangemright") Motion to Stay. Dkt. 23. Hangemright requests that the Court stay these proceedings in light of a recent decision by the United States Patent and Trademark Office ("USPTO") granting an ex parte reexamination of Plaintiff PDT Original Designs, LLC's ("PDT") patent No. 8,915,382 ("the '382 Patent")—the patent at issue in this case.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On August 8, 2017, PDT filed the instant suit alleging that Hangemright developed and markets a product similar to PDT's product and is thus infringing on PDT's valid patent. Both products, simply put, consist of a knob or hook on which an individual can hang a pair of downhill skis by its bindings.

On February 8, 2018, the USPTO issued a decision granting an ex parte reexamination of Plaintiff's '382 patent. On February 12, 2018, Hangemright filed the instant Motion to Stay these proceedings.

## III. LEGAL STANDARD

Courts are "not required to stay judicial resolution in view of [] reexaminations." *Viskase Corp. v. Am. Nat. Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001). Instead, courts must weigh the parties' interests in an effort to reach the most judicially efficient outcome. This Court has previously considered the following factors when determining whether to issue a stay in light of pending PTO reexamination proceedings: "(1) whether a stay would simplify the claims and issues; (2) whether discovery is completed and whether a trial date is set; and (3) whether a stay would unduly prejudice or create a tactical disadvantage for the non-moving party." *Fleming v. Cobra Elecs. Corp.,* No. 1:12-CV-392-BLW, 2013 WL 1760273, at *1 (D. Idaho Apr. 24, 2013).

## IV. DISCUSSION

In this case, while the USPTO's reexamination of the '382 Patent *could* simplify the issues for trial, the delay will be extensive. Most of these reexaminations, including the inevitable appeal to the Patent Trial and Appeal Board, take three to five years—if not

MEMORANDUM DECISION AND ORDER - 2

longer—to resolve. *Signal IP, Inc. v. Volkswagen Grp. of Am., Inc.,* 2015 WL 5764831 at *2 (C.D. Cal. May 26, 2015). If an appeal to the Federal Circuit occurs, the delay could be even longer. *Id*. Because "litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes," *In re Etter,* 756 F.2d 852, 857 (Fed. Cir. 1985), there is no reason to incur such a delay. This Court can move forward while the reexamination process is ongoing. Moreover, the simplification of issues is not automatic because if the patent survives, Hangemright will be able to reargue the issues here in this forum because it requested an ex parte reexamination, which has no preclusive effect on the challenger. *Signal IP,* 2015 WL 5764831 at *3.

Additionally, although the Court has not set a trial date, and discovery is ongoing, the Court has already scheduled a claim construction (*Markman*) hearing, for which briefing has already started. Looking at the totality of the circumstances, particularly the lengthy delay that would result were the Court to wait until the completion of the USPTO's reexamination, the Court finds good cause to DENY the Motion to Stay.

## V. ORDER

1. For the reasons outlined above, Hangemright's Motion to Stay (Dkt. 23) is DENIED.

DATED: April 12, 2018

David C. Nye
U.S. District Court Judge